70 F.3d 1264
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry Lewis MATTHEWS, Defendant-Appellant.
 No. 95-5015.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 16, 1995.
Decided: November 30, 1995.
 
 William H. Lindsey, Beth Kathryn Roland, DLC Trial Lawyers, P.C., Roanoke, VA, for Appellant. Robert P. Crouch, Jr., United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Kelli R. Orndorff, Third-Year Law Clerk, Roanoke, VA, for Appellee.
 Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Barry Lewis Matthews entered a guilty plea to one count of conspiring to possess crack cocaine with intent to distribute. 21 U.S.C.A. Sec. 846 (West Supp.1995). Matthews was sentenced to a term of 292 months imprisonment. He appeals his sentence on the grounds that the district court clearly erred in determining the amount of crack attributable to him for sentencing purposes, USSG Sec. 2D1.1,* in enhancing his sentence for possession of a firearm, USSG Sec. 2D1.1(b)(1), and in finding that he was a manager or supervisor, USSG Sec. 3B1.1(b). We affirm.
 
 
 2
 From the fall of 1993 until his arrest in March 1994, Matthews and his co-defendant, Joscelyn Clarke, regularly bought crack in New York City and transported it to Lynchburg, Virginia, where Matthews weighed the crack and distributed it to others who sold it on the street. The profits were used to buy more crack. Information in Matthews' presentence report disclosed that in December 1993, while Matthews and Clarke were driving through New Jersey, state troopers attempted to stop their car for a traffic violation. A chase ensued, after which Matthews was apprehended. He was carrying $1500 in cash. Clarke fled on foot and was captured with a bag containing cash and a stolen firearm. The total amount of cash seized from Matthews and Clarke was more than $57,000, enough to buy more than 1.5 kilograms of crack. Matthews and Clarke remained at large, and the conspiracy proceeded without significant interruption.
 
 
 3
 Matthews participated in one sale of crack to an undercover agent and two monitored sales to confidential informants. Following their arrests, co-defendants Roy Pannell, Jr., and Bryant Davis gave statement disclosing that together they received more than 9 kilograms of crack from Matthews, Clarke, or those close to them in 1993 and 1994. Co-defendant Leslie Culpeper stated that Matthews stored drugs and guns at her apartment.
 
 
 4
 It was Matthews' burden to demonstrate at sentencing that any disputed information in the presentence report was inaccurate or unreliable. United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990). Matthews argued that the evidence did not support a finding that he was involved with 9 kilograms of crack, or that he knew weapons were being employed, or that he had an aggravated role in the conspiracy. He offered no evidence. Without evidence to rebut the information in the presentence report concerning the amount of crack attributable to Matthews through his direct involvement or the reasonably foreseeable actions of co-conspirators, USSG Sec. 1B1.3(a)(1)(B), the district court did not clearly err in determining that Matthews was responsible for at least 1.5 kilograms of crack.
 
 
 5
 Further, the district court did not clearly err in finding that Matthews was a manager or supervisor in the offense and that an enhancement was due for possession of a firearm. See USSG Sec. 2D1.1, comment. (n.3) (enhancement should be made if firearm present unless clearly unconnected to offense).
 
 
 6
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1994)